UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
Plaintiff,
v.                                                    Case No.: 1:25–cr–00066–MSM–PAS

Miguel Tamup–Tamup
Defendant.

## ARRAIGNMENT ORDER

At the arraignment held on June 17, 2025 pursuant to Fed. R. Crim. P. 10(a), the defendant entered a plea of Not Guilty.

1. **Trial**: The case is assigned to Mary S. McElroy and will be considered ready for trial subject to the continuous trial calendar. Pending trial or disposition, the defendant shall be released.

2. **Discovery**: Pursuant to Fed. R. Crim. P. 16.1(a), within 14 days of the arraignment, counsel shall confer and agree on a timetable and procedures for pretrial disclosure under Fed. R. Crim. P. 16. In addition to information discoverable under Fed. R. Crim. P. 16, the following disclosures shall be made according to the timetable agreed to by the parties or as otherwise required by law, statute or rule:

    a. The Government shall disclose any information or material within the meaning of *Brady v. Maryland, Giles v. Maryland,* and *Giglio v. United States,* which tends to negate the guilt of the accused or to reduce his or her punishment for the offense charged.

    b. Whether any wire or oral communications have been intercepted.

    c. If the Government provides pretrial discovery of witness statements and/or the Court orders production of grand jury materials or witness statements, the defendant shall provide reciprocal pretrial discovery to the Government.

3. **Excludable Time**: The defendant's request for additional time to prepare and file pretrial motions is granted. Accordingly, it is ordered that the period from June 18, 2025 to July 18, 2025, a period of 31 days be deemed excludable pursuant to 18 U.S.C. §3161(h)(7)(A). The Court finds that the ends of justice are served in allowing the defendant additional time to examine the discovery provided by the Government and to prepare pretrial motions, and this delay outweighs the interests of the public and the defendant in a speedy trial.

4. **Pretrial Motions**: All pretrial motions shall be filed on or before July 18, 2025 and shall conform to LR Cr 12 and LR Cr 47.

5. **Expert Disclosures**: Pursuant to Fed. R. Crim. P. 16(a)(1)(G)and (b)(1)(C), the

  parties must disclose any expert witnesses no later than 30 days prior to the start of trial.

6. **Duty to Address the Speedy Trial Act in Pretrial Motions.**:   All pretrial motions shall address the number of days remaining, as of the date of the filing of the motion, before trial must begin pursuant to the Speedy Trial Act. In addition, any motion seeking a continuance that would result in a period of delay under 18 U.S.C. § 3161(h)(7)(A) shall specify the number of days that will be excluded from the Speedy Trial clock calculation due to the continuance and the proposed date when the excludable period will expire. Any party opposing any pretrial motion must state whether it agrees or disagrees with the moving party's Speedy Trial Act calculation.

7. **Trial Scheduling.**:   This matter will be placed on the presiding judge's next quarterly calendar call in advance of the expiration of the speedy trial act excludable period set in this order. If there is no excludable period set in this order, the case will be placed on the next quarterly calendar call, or the Court will set the matter for a pretrial conference. Counsel may, however, request a conference with the presiding judge at any time to set a trial date by filing a notice with the Court. Upon receipt of that notice, the Court will schedule a conference to select a date for the trial.

  It is so ordered.

June 17, 2025              By the Court:

                       /s/ Patricia A. Sullivan
                       United States Magistrate Judge