UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MIGUEL TAMUP-TAMUP | Criminal Case No. 25-0066-MSM-PAS |

**GOVERNMENT MEMORANDUM
IN SUPPORT OF DISMISSAL WITHOUT PREJUDICE AND
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

The government moves under Criminal Rule of Procedure 48(a) for leave from the Court to dismiss the Indictment *without* prejudice and opposes Defendant's motion under Rule 12(b)(1) to dismiss with prejudice. The parties agree that the Indictment should be dismissed, but disagree as to whether dismissal should be with or without prejudice.

**I.      BACKGROUND**

On April 30, 2025, as Defendant drove away from a residence, agents with Immigration and Customs Enforcement ("ICE"), a component of the Department of Homeland Security, sought to arrest him pursuant to an I-200 Warrant for Arrest of Alien. (Dkt. No. 2 (Complaint) at ¶ 8). Defendant, a Guatemalan national, was not lawfully authorized to be present in the United States. (*Id.* at ¶¶ 6-7). Defendant's car was stopped. (*Id.* at ¶ 9). Agents wearing law enforcement patches approached Defendant, displayed their law enforcement badges, and asked him for his identification. (*Id.*) Defendant presented his driver's license. (*Id.*). The agents, in English, advised Defendant that he was under arrest and asked him to step out of the car. (*Id.*). Defendant refused, responding in English, "No, I'm fine." (*Id.*).

To effectuate arrest, the agents removed Defendant from the car and placed him

2

against his car.  (*Id.* at ¶ 10).  As the agents attempted to place Defendant in handcuffs, he resisted, pushed against the agents, threw his shoulders and upper body against the agents, and flailed his arms.  (*Id.* at ¶¶ 10-11).  Defendant ultimately broke free of the agents and fled.  (*Id.* at ¶ 11).  As a result of Defendant's flailing, one of the agents fell and fractured her leg.  (*Id.*).

On May 7, 2025, a criminal complaint was lodged against Defendant, and a federal magistrate issued an arrest warrant.  (Dkt. Nos. 2, 4).  On May 15, 2025, Defendant was arrested, advised of the criminal complaint, and detained, and a preliminary hearing and detention hearing were scheduled for June 17, 2025.  (5/15/2025 Dkt. Entry, Dkt. No. 6).  Also on May 15, 2025, ICE lodged an immigration detainer against Defendant.  On June 11, Defendant was indicted on one count of assault under 18 U.S.C. § 111(a)(1) and (b) and one count of assault under 18 U.S.C. § 111(a).  (Dkt. No. 9 (two-count indictment)).  On June 17, 2025, Defendant was arraigned and released on an unsecured bond and on conditions.  (6/17/2025 Dkt. Entry, Dkt. No. 14).

On June 17, 2025, after being released from detention on the criminal charges, pursuant to an immigration detainer that had been lodged, Defendant was detained by DHS, and immigration proceedings commenced.  On July 21, 2025, an immigration judge ordered Defendant removed, and on July 28, 2025, Defendant was deported to Guatamala.

II.     **ARGUMENT**

       1.     **Dismissal without prejudice is appropriate.**

3

Rule 48 of the Federal Rules of Criminal Procedure provides that the government may, with leave of court, dismiss an indictment or other charging document. Dismissals under Rule 48(a) are generally without prejudice and permit the government to reindict within the statute of limitations. *See United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994); *see also United States v. Guimaraes*, No. 25-cr-10129-JEK, 2025 WL 1899047 at *3 (D. Mass. July 9, 2025). Dismissals without prejudice are routinely ordered in cases where a defendant is deported during ongoing criminal proceedings. *See Guimaraes*, 2025 WL 1899047 at *3 (collecting cases). Dismissal with prejudice may be appropriate if retrial would be fundamentally unfair or constitute harassment. *Raineri*, 42 F.3d at 43.

In assessing whether a dismissal should be with or without prejudice, courts consider the effect on the defendant of dismissal without prejudice. *See United States v. Adams*, 777 F. Supp. 3d 185, 215 (S.D.N.Y.). A defendant whose indictment is dismissed without prejudice is no worse off than if he had not been indicted at all or if the indictment issued after the defendant was removed from the United States. *See United States v. Castillo*, 537 F. Supp. 3d 120, 131 (D. Mass. 2021). Moreover, because the public has an interest in the investigation and prosecution of criminal activities, dismissal without prejudice is usually appropriate. *See e.g.*, *Castillo*, 537 F. Supp. 3d at 131.

Courts in this Circuit have considered similar cases. In *Guimaraes*, the defendant was charged with drug offenses in Massachusetts and later taken into custody by ICE in Arizona when she was released from criminal custody and deported. *See* 2025 WL 1899047, at *1-2. The court in *Guimaraes* dismissed the indictment with prejudice, emphasizing that there were three unique circumstances leading the court to conclude it

4

was in the public interest to do so, but explaining that absent those unique circumstances, "deportation of a defendant during a criminal prosecution *typically does not warrant dismissal of the indictment with prejudice*." *Id.* at *1, *4 (emphasis added). The court in *Castillo* found a dismissal without prejudice was appropriate, noting the public interest in investigating and prosecuting criminal activities and that the defendant was no worse off if he faced a future indictment. 537 F. Supp. 3d at 131.[1]

Dismissal of the indictment against Defendant here is appropriate because he has now been deported and cannot legally re-enter the United States and appear for the criminal case against him. A dismissal without prejudice terminates the criminal proceedings so long as he does not reenter the United States, and it leaves the defendant no worse off than if he had not been indicted in the first place. *See Guimaraes*, 2025 WL 1899047 at *4.

The dismissal should also be without prejudice because there are no circumstances supporting any of the limited reasons for entering a dismissal with prejudice. None of the unique circumstances of *Guimaraes* is present here. Defendant here was released from criminal custody immediately after the magistrate court ordered release on June 17, 2025. At that time, he was taken into custody by ICE pursuant to an immigration detainer. If he were to return to the United States, prosecuting him for the same charge of illegal reentry would not be fundamentally unfair or constitute harassment. Accordingly, dismissal without prejudice is appropriate.

---

[1] *Castillo* also involved only a motion by the defendant under Rule 12 of the Federal Rules of Criminal Procedure, rather than a Rule 48 motion by the government.

## 2.  ICE acted lawfully, as the Bail Reform Act does not prohibit ICE from detaining and deporting those subject to removal.

ICE's immigration-related detention of Defendant does not constitute a violation of the Bail Reform Act ("BRA") and accordingly provides no basis for dismissal in any manner other than without prejudice.  Defendant's argues that the detention constitutes interference with the magistrate court's order of release.  *See* Dkt. No. 16 (Defendant's motion) at 5-6.  Defendant appears to believe that the BRA prevents ICE from detaining a defendant after a magistrate judge's order of release.  All seven circuits that have considered this issue have held that ICE has authority to detain and remove federally indicted defendants regardless of the pendency of the federal criminal case and irrespective or release determinations made under the BRA.  *See United States v. Barrera-Landa*, 964 F.3d 912, 918 (10th Cir. 2020) (holding that "every circuit that has addressed the issue has concluded that ICE may fulfill its statutory duties … to detain an illegal alien regardless of a release determination under the BRA and "concluded there is no conflict between the BRA and the INA and that a release order under the BRA does not preclude removal under the INA."); *see United States v. Baltazar-Sebastian*, 990 F.3d. 939, 945 (5th Cir. 2021); *United States v. Pacheco-Poo*, 952 F.3d 950, 952 (8th Cir. 2020); *United States v. Lett*, 944 F.3d 467, 470 (2d Cir. 2019); *United States v. Soriano Nunez*, 928 F.3d 240, 247 (3d Cir. 2019); *United States v. Vasquez-Benitez*, 919 F.3d 546, 553 (D.C. Cir. 2019); *United States v. Veloz-Alonso*, 910 F.3d 266, 270 (6th Cir. 2018).  Each of these opinions was unqualified and unanimous.[2]

---

[2] Fellow district court judges in this circuit have embraced the uniform circuit court view, as

Following this deluge of decisions between 2018 and 2021, no court has ruled otherwise.[3] It is easy to see why: "[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective," *Morton v. Mancari*, 417 U.S. 535, 551 (1974), and "[h]ere, there is no statutory conflict between the detention-and-release provisions of the BRA and the INA," *Lett*, 944 F.3d at 470. Nothing in the BRA overrides Congress's directive in the INA that a removable noncitizen "'shall be detained' pending removal proceedings unless that alien is 'clearly and beyond a doubt entitled to be admitted.'" *Lett*, 944 F.3d at 470 (quoting 8 U.S.C. § 1225(b)(2)(A)). Moreover, because the "[d]etention of a criminal defendant pending trial pursuant to the BRA and detention of a removable alien pursuant to the INA are separate functions that serve separate purposes and are performed by different authorities," *Vasquez-Benitez*, 919 F.3d at 552, it follows that the government may "pursue both criminal prosecution and removal simultaneously" and that a court cannot "order the Executive Branch to choose between criminal prosecution and removal," *Lett*, 944 F.3d at 471; *accord Baltazar-Sebastian*, 990 F.3d at 945 ("Fundamentally, the BRA and INA concern separate grants of Executive Authority and govern independent criminal and civil proceedings."); *Barrera-Landa*, 964

---

has a magistrate judge. *See United States v. Alzerei*, 2019 WL 2642824, at *2-4 (D. Mass. June 27, 2019) (Casper, J.); *United States v. Rosario-Polanco*, 2023 WL 6954360, at *4 (D.P.R. Oct. 20, 2023); *United States v. Lopez*, 2023 WL 8039318, at *6 (D. Mass. Nov. 20, 2023) (Levenson, M.J.).

[3] The United States notes for the Court's consideration that this issue is currently before the First Circuit Court of Appeals. An opening brief has been filed in *United States v. Jose Miguel Pena de la Cruz*, 25-1648. The United States does not anticipate a ruling until the spring of 2026. The United States further notes for the Court's edification that these same issues have been raised in *United States v. Cordon*, 25-cr-0084-JJM and *United States v. Cahueque*, 25-cr-0065-JJM.

F.3d at 919 (quoting these passages from *Lett*).

More broadly, ICE's "detention of a criminal defendant alien for the purpose of removal does not infringe on the judiciary's role in criminal proceedings." *Vasquez-Benitez*, 919 F.3d at 552. Nor does it "offend separation-of-powers principles simply because a federal court, acting pursuant to the BRA, has ordered that same alien released pending his criminal trial." *Id.*; *accord Baltazar-Sebastian*, 990 F.3d at 946-47. A defendant's removal may lead to dismissal, but the decision to prioritize removal over prosecution is a quintessential Executive Branch judgment call. *See Trump v. United States*, 603 U.S. 593, 620 (2024) ("[T]he Executive Branch has 'exclusive authority and absolute discretion' to decide which crimes to investigate and prosecute").

"Customarily Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations." *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994) (citing *United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991)). In keeping with that presumption, the First Circuit has implicitly recognized the circumscribed nature of a district court's authority to deny a motion for dismissal without prejudice when it noted the chief purpose of the rule: "Rule 48(a) protects defendants from prosecutorial harassment." *United States v. Suazo*, 14 F.4th 70, 75 (1st Cir. 2021).[4]

---

[4] The *Suazo* defendant argued in the district court that "given his lengthy pretrial detention and the government's admission that it could not prove its case, due process required an acquittal or dismissal with prejudice [under Rule 48(a)] rather than a dismissal without prejudice." 14 F.4th at 72-73. The court disagreed and dismissed the case without prejudice, "giving the government the benefit of a presumption of good faith in its Rule 48(a) motion, which the court found [defendant] had not rebutted." *Id.* at 73. When he was later reindicted in a different district, this Court rejected his argument that this prosecution was barred by the Double Jeopardy Clause,

8

This First Circuit's decisions in *Raineri* and *Suazo* track the Supreme Court's prior conclusions that (1) "[t]he principal object of the 'leave of court' requirement [in Rule 48(a)] is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection"; (2) "[t]he salient issue . . . is not whether the decision to maintain the federal prosecution was made in bad faith but rather whether the Government's later efforts to terminate the prosecution were similarly tainted with impropriety"; and (3) courts should "not presume . . . bad faith on the part of the Government at the time it sought leave to dismiss the indictment against petitioner." *Rinaldi v. United States*, 434 U.S. 22, 30 & n.15 (1977).

*Raineri* and *Suazo* also align with the unanimous circuit court view that the government's Rule 48(a) decisions are presumed to be in good faith and that to obtain dismissal with prejudice a defendant bears the burden of rebutting that presumption with proof that it has acted in bad faith. *See United States v. B. G. G.*, 53 F.4th 1353, 1363-70 (11th Cir. 2022); *United States v. Oliver*, 950 F.3d 556, 562 (8th Cir. 2020); *United States v. Mujahid*, 491 F. App'x 859, 860 (9th Cir. 2012); *United States v. Abdush-Shakur*, 314 F. App'x 97, 99 (10th Cir. 2008); *United States v. Hayden*, 860 F.2d 1483, 1486 (9th Cir. 1988); *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974); *United States v. Davis*, 487 F.2d 112, 118 (5th Cir. 1973); *United States v. Arradondo*, 483 F.2d 980, 983 (8th Cir. 1973);

---

while reasoning that "Rule 48(a) protects defendants from prosecutorial harassment" and that harassment claims are distinct from Double Jeopardy claims and may not be asserted in an interlocutory appeal. *Id.* at 75-76.

3B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 801 (4th ed. 2024). The government is aware of no circuit decision that has deviated from—or even questioned—this consensus.[5]

This time-honored construction of Rule 48(a) dovetails with the principles that "the Executive Branch has 'exclusive authority and absolute discretion' to decide which crimes to investigate and prosecute," *Trump*, 603 U.S. at 620, that a prosecutor's "decisions receive a presumption of regularity," *Nieves v. Bartlett*, 587 U.S. 391, 400 (2019), and that agencies such as DHS and ICE "are entitled to a presumption of regularity," *Food & Drug Admin. v. Wages & White Lion Invs.*, L.L.C., 604 U.S.__, 145 S. Ct. 898, 922 (2025).

For these reasons, the government moves to dismiss the indictment without prejudice, given that no extraordinary circumstances are present in this matter. The mere removal of Defendant, without more, does not supply a basis to dismiss with prejudice,[6] nor does it rise to the level of bad faith abandonment of prosecution.[7] If

---

[5] In reversing the denial of a Rule 48(a) motion, the Eighth Circuit cited four examples of bad faith conduct that could warrant denial of such a motion: (1) "when there has been 'prosecutorial harassment,' including a pattern of 'charging, dismissing, and recharging' the defendant"; (2) "'acceptance of a bribe'"; (3) "'personal dislike of the victim'"; and (4) "'dissatisfaction with the jury impaneled.'" *United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022).

[6] As all circuits to address the issue have held, it is perfectly permissible for ICE to detain and remove a federally charged defendant, it necessarily follows that such an action, standing alone, cannot constitute the sort of bad faith or exceptional circumstances that could warrant dismissal with prejudice.

[7] While Defendant cites to *Resendiz-Guevara* to support the request for dismissal with prejudice, Dkt. No. 16 at 8-10, the *Resendiz-Guevara* court dismissed the case *without prejudice*. *See* 145 F.Supp.3d 1128, 1133 (M.D.Fl. 2015). There, the court found that deportation did constitute an abandonment of prosecution and deportation further violated defendant's Fifth and Sixth

Defendant reentered the country after removal and charges were reinstituted, Defendant would be free to contest them at that time. However, the Rule 48(a) based case law forbids a court from effectively prejudging possible future litigation and from imposing a categorical rule that dismissal with prejudice is *always* required when a defendant is removed during the pendency of the criminal proceedings.

Defendant also argues that by deporting him, the government has deprived him of his right to due process under the Fifth Amendment, right to assistance of counsel under the Sixth Amendment, and right to speedy trial. *See* Dkt. No. 16 at 6-9. This argument is unavailing because the government itself is moving for dismissal and ICE's deportation in no way suggests that trial, should Defendant return, would be unfair or constitute harassment. Defendant's argument concerning abandonment of prosecution, *see id.* at 8-10, is similarly unavailing because the government is here moving for dismissal, and should Defendant return after having been deported, it would be neither unfair nor harassing for there to be a trial.

## III.   CONCLUSION

For the aforementioned reasons, the Indictment in the above-captioned matter should be dismissed without prejudice. Alternately, the Court should dismiss the Indictment and withhold decision as to whether dismissal is with or without prejudice until the First Circuit has issued guidance through disposition in *United States v. Jose Miguel Pena de la Cruz*, 25-1648.

---

Amendment rights; however, the court declined to dismiss with prejudice because there was no showing of prosecutorial misconduct. *Id.* at 1133-1139.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorney,

SARA M. BLOOM
Acting United States Attorney

/s/ Milind Shah
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
milind.shah@usdoj.gov

**CERTIFICATION OF SERVICE**

On this 2nd day of September 2025, I caused the Government's Motion to Dismiss without Prejudice and accompanying memorandum in support and opposing Defendant's motion to dismiss with prejudice to be filed electronically and they available for viewing and downloading from the ECF system.

/s/ Milind Shah
Milind Shah
Assistant U.S. Attorney