UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>MIGUEL TAMUP-TAMUP,<br>    Defendant. | C.R. No. 25-cr-0066-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court are Motions to Dismiss filed by both the defendant Miguel Tamup-Tamup[1] ("Tamup") and the United States. (ECF Nos. 16; 19.) The United States charged Mr. Tamup with crimes, pursuant to 18 U.S.C. § 111(a), related to his alleged resistance to arrest by Immigration and Customs Enforcement ("ICE") agents, who were at the time of the alleged crimes executing an I-200 Warrant for Arrest of Alien on him. (ECF No. 2 ¶ 8.) Mr. Tamup seeks dismissal with prejudice under Federal Rule of Criminal Procedure (12)(b)(1) because the government deported him to Guatemala during the pendency of his criminal case, after he had been released on an unsecured bond and conditions. (ECF No. 16-1.) The United States makes its Motion under Federal Rule of Criminal Procedure 48(a) and seeks dismissal without prejudice. (ECF No. 20.)

---

[1] Tamup-Tamup is apparently an error made in legal documents. His true name is Miguel Us Tamup. (ECF No. 16-1 at 1 n.1.)

Federal district courts have long contended with ICE's "practice of removing defendants without regard to ongoing criminal proceedings." *United States v. Castillo*, 537 F. Supp. 3d 120, 131 (D. Mass. 2021). In such cases, some courts have deemed dismissal with prejudice to be warranted. *See, e.g.*, *United States v. Guimaraes,* 2025 WL 1899046 (D. Mass. July 9, 2025); *United States v. Munoz-Garcia*, 455 F. Supp. 3d 915 (D. Ariz. 2020); *U.S. v. Castro-Guzman*, 2020 WL 3130397 (D. Ariz. June 1, 2020); *United States v. Lutz*, 2019 WL 5892827 (D. Ariz. Nov. 12, 2019). Other courts have determined dismissal without prejudice to be an adequate remedy. *See, e.g.*, *United States v. Escobar-Mariscal*, 2020 WL 4284406, at *5 (D. Ariz. July 27, 2020); *United States v. Pavel*, 2021 WL 817889, at *5 (W.D. Va. Mar. 3, 2021). When faced with the prospect of a criminal defendant's imminent deportation, some courts have warned the government that it must decide whether to pursue criminal charges or deportation. *See, e.g.*, *United States v. Clemente-Rojo*, 2014 WL 1400690, at *3 n.2 (D. Kan. Apr. 10, 2014) (collecting cases); *see also Castillo*, 537 F. Supp. 3d at 131 (granting dismissal without prejudice but warning that, should ICE continue this practice, "such restraint is likely to not be warranted").

"Customarily Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations." *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994). However, courts retain discretion as to whether to order dismissal with prejudice. *See Guimaraes*, 2025 WL 1899046, at *3 (reviewing factors evaluated by courts when determining whether to dismiss under Rule 48(a) with prejudice); *United States v. Adams*, 777 F. Supp. 3d 185, 215 (S.D.N.Y. 2025)

(same). Dismissal with prejudice may be appropriate in some circumstances, such as when retrial would be "fundamentally unfair" or where future prosecution "would constitute harassment." *See Ranieri*, 42 F.3d at 43. "[W]hile bad faith is a relevant consideration, most courts do not require a finding of bad faith to grant dismissal with prejudice." *Adams*, 777 F. Supp. 3d at 215. "In all events, the inquiry is case specific, and no one factor is required for a court to conclude that dismissal with or without prejudice is warranted." *Guimaraes*, 2025 WL 1899046, at *3 (citing *Adams*, 777 F. Supp. 3d at 214).

In the present case, the government chose to charge Mr. Tamup with crimes allegedly committed during his arrest by ICE agents. (ECF No. 2.) The government obtained a Grand Jury indictment for those crimes. (ECF No. 9.) The government did this despite ICE having already lodged an immigration detainer against Mr. Tamup. (ECF No. 19 at 3.) Mr. Tamup was subsequently arraigned and a date for his case to be ready for trial was set. (ECF No. 12.) It was not until after his arraignment on the indictment and his release from federal custody that Mr. Tamup was detained by DHS and "immigration proceedings commenced" (ECF No. 19-1.) It is notable to this Court that it was only after Mr. Tamup had claimed his right to proceed to trial that immigration proceedings commenced. Importantly, the Magistrate Judge who ordered Mr. Tamup's release ordered GPS monitoring. There was no significant risk to the government that Mr. Tamup would flee and make his eventual deportation impossible.

While the government was within its rights to deport Mr. Tamup before his trial, the Court finds itself of a similar sentiment as expressed in *United States v. Clemente-Rojo*. The Court is of course without the authority or inclination to prevent DHS from taking Mr. Tamup into custody and to proceed with deportation but their choice has consequences. "[T]he executive branch must make an election: prosecution or release to the detainer … There is nothing unreasonable about requiring the government to make the election and, at least under the circumstances here, it makes both practical and economic sense. 2014 WL 1400690, at *3 n.2 (D. Kan. Apr. 10, 2014).

The Court agrees that deportation of a defendant during a criminal prosecution does not automatically warrant dismissal of the indictment with prejudice. *See Guimaraes*, 2025 WL 1899046, at *4. Under the present circumstances, however, the Court finds it is well within its discretion and doing so best effectuates justice in this case.

As such, the United States' request to dismiss the Indictment is GRANTED in part and DENIED in part. (ECF No. 19.) The Indictment is DISMISSED, but such dismissal is with prejudice to reindictment on the same charges.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
September 17, 2025

4